Filed 5/20/15  P. v. Flores CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PHILIP EDWARD FLORES,<br><br>    Defendant and Appellant. | 2d Crim. No. B251551<br>(Super. Ct. No. CR42976)<br>(Ventura County) |

Philip Edward Flores appeals the order denying his petition for resentencing under the Three Strikes Reform Act of 2012 (the Act).  (Pen. Code,[1] §§ 667, 1170.12, 1170.126; Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012).)  Appellant challenges the trial court's finding that he was ineligible for resentencing because his sentence was imposed for a crime in which he "intended to cause great bodily injury to another person."  (§§ 667, subd. (e)(2)(C)(iii), 1170.126, subd. (e)(2), 1170.12, subd. (c)(2)(C)(iii).)  We affirm.

## BACKGROUND

Appellant is serving an indeterminate  term of 25 years to life under the three strikes law for assault with force likely to produce great bodily injury (§ 245, subd.

---

[1] All further statutory references are to the Penal Code.

(a)(4)). His prior strike convictions are for kidnapping (§ 207) and attempted voluntary manslaughter (§§ 192, 664).

In 2013, appellant petitioned for resentencing as a second-strike offender under section 1170.126. The People opposed the petition on the ground that appellant posed an unreasonable risk of danger to public safety, as provided in subdivision (f) of section 1170.126. The People stated the facts of appellant's current offense as follows:[2] "[Appellant] picked up a . . . prostitute and drove her to a nearby house. As they entered the house and without provocation [appellant] began punching her repeatedly in the face and arms. [Appellant] was wearing something sharp on his fingers and used these to cut into her right lower arm, severing her tendons. . . . The victim tried to crawl away and [appellant] continued to punch her. She was finally able to get to the door and escape. She was found by a citizen lying on a sidewalk, bleeding profusely from her arm, with a bloody nose and a large bump on her left cheekbone. . . ."

At the hearing on appellant's petition, the trial court tentatively found appellant was not eligible for resentencing under subdivision (e)(2) of section 1170.126, because his current offense of assault by means of force likely to produce great bodily injury was committed with the intent to cause great bodily injury. Although appellant's intent in that regard was not pled or proved, the court reasoned that "the cursory review of the jury instructions shows that committing that act requires only general intent; therefore, if you acted, one could be presumed to have intended to cause the damage and injuries it [*sic*] did, i.e., great bodily injury whether it's alleged or proven or not." The court then referred to the victim's preliminary hearing testimony that "[t]he veins [in her arm] were sticking out" and "[t]here was blood everywhere" after appellant "stabbed" her with a knife or a similar weapon. In light of this evidence, the court concluded, "we don't

_____

[2] In his reply brief, appellant contends we cannot rely upon the People's statement of the facts of the current offense. The statement is consistent, however, with the victim's preliminary hearing testimony, which was quoted by the court in support of its ruling. In pleading guilty, appellant agreed the court could rely on that testimony as proof of the factual basis for the plea. Moreover, appellant did not urge the court to disregard the People's statement or otherwise challenge its accuracy. As we shall explain, the preliminary hearing transcript was also properly considered.

even get to the unreasonable risk of danger to public safety. I'm of the tentative belief that this offense as [*sic*] the facts supplementing what happened that he's not eligible for resentencing under 1170.126."

The court continued the matter to allow the parties to brief the issue whether appellant was ineligible for resentencing on the ground he was sentenced for an offense in which he intended to cause great bodily injury. The prosecution did not submit any additional briefing, but agreed with appellant's position that he was statutorily eligible for resentencing. The prosecution continued to assert, however, that appellant was not entitled to resentencing because he presented an unreasonable risk to public safety. In denying appellant's request for resentencing, the court disagreed that appellant was statutorily eligible and found "that this particular offense, as pled and admitted to, . . . was intended to cause great bodily injury to another person. And I find that by reading of the materials, including the preliminary hearing transcript that I discussed. [¶] I'm also relying on my comments from the transcript that I prepared that was going to be part of this record for the [prior] hearing."

## DISCUSSION

Appellant contends the court erred in finding him statutorily ineligible for resentencing under section 1170.126 of the Act. He claims the court's finding that he was sentenced for a crime in which he intended to cause great bodily injury was subject to pleading and proof requirements and had to be proven beyond a reasonable doubt. He also argues that the court erroneously believed it only had to find appellant had the general intent to commit the acts constituting the assault, rather than the specific intent to cause great bodily injury. Finally, he claims the preliminary hearing transcript from his prior conviction was inadmissible hearsay and that the court violated his due process rights by considering it. None of these claims has merit.

Prior to the Act, a defendant who had previously been convicted of two or more serious or violent felonies was subject to an indeterminate sentence of 25 years to life upon his or her conviction of any new felony. "The Reform Act prospectively

3

changed the Three Strikes law by reserving indeterminate life sentences for cases where the new offense is also a *serious or violent felony*, unless the prosecution pleads and proves an enumerated disqualifying factor. In all other cases, a recidivist defendant will be sentenced as a second strike offender, rather than a third strike offender. [Citations.]" (*People v. Chubbuck* (2014) 231 Cal.App.4th 737, 740-741 (*Chubbuck*).) Inmates already serving a third-strike sentence for a nonserious or nonviolent felony (and who are not otherwise disqualified) may petition for resentencing as a second-strike offender unless the court finds it would pose an unreasonable risk of danger to public safety. (§ 1170.126, subds. (a), (f), (m); *Chubbuck*, at p. 741.)[3]

An inmate is not eligible for resentencing under the Act if his current offense was imposed for any of the offenses listed in section 667, subdivision (e)(2)(C)(i)-(iii) or section 1170.12, subdivision (c)(2)(C)(i)-(iii). (§ 1170.126, subd. (e)(2).) Included are offenses in which the inmate "intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

Numerous cases have held that the Act does not contain a pleading and proof requirement with regard to the statutory factors that disqualify an inmate from resentencing under section 1170.126. (E.g., *People v. Guilford* (2104) 228 Cal.App.4th 651, 657-658 (*Guilford*); *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1332-1333; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1033; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1059-1060; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1314; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 801-803 (*Brimmer*); *People v. White* (2014) 223 Cal.App.4th 512, 519.) This includes the disqualifying factor at issue here. (*Chubbuck, supra*, 231 Cal.App.4th at pp. 746-748.) Many of these same cases also reject appellant's claim that he had a right to have this factor decided by a jury by proof beyond a reasonable doubt. (E.g., *Guilford*, at pp. 662-663; *Bradford*, at pp. 1334-1336;

---

[3] After the briefs were filed, our Supreme Court resolved a split of authority in concluding that the denial of an inmate's claim of eligibility for resentencing under the Act is appealable. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 601.)

*Elder*, at p. 1315; *Blakely*, at pp. 1059-1063; *Osuna*, at pp. 1038-1040; see also *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1304.)

Appellant's briefs are largely a rehash of the arguments considered and rejected in the above-cited cases.  None of his proffered interpretations of the "plain language" of section 1170.126 undermines the unanimous authority to the contrary.  As subdivision (f) of the statute makes clear, "'. . . *the court* shall determine whether the petitioner satisfies the criteria in subdivision (e).'  (Emphasis added.)  There is no provision for the People to plead or prove anything . . . ."  (*Guilford, supra*, 228 Cal.App.4th at p. 657, fn. omitted.)  Appellant's attack on certain dicta in *Blakely*, even if meritorious, does not undermine the soundness of the conclusion that the retrospective provisions of the Act do not include a pleading and proof requirement.  Moreover, the rule of lenity does not aid appellant because there is "no ambiguity as to whether section 1170.126, subdivision (e)(2) incorporates the pleading and proof requirements of section 1170.12, subdivision (c)(2)(C)."  (*Chubbuck, supra*, 231 Cal.App.4th at p. 748.)

Appellant's remaining claims are equally without merit.  The record belies his assertion that the court erroneously believed it only had to find appellant had the general intent to commit the crime of assault by force likely to produce great bodily injury, rather than the specific intent to cause such injury.  The court simply recognized that the crime itself merely required a finding of general intent.  The court made clear that its ruling was based on the entire record of appellant's conviction, including the preliminary hearing transcript, and expressly found that the conduct upon which the conviction was based was "intended to cause great bodily injury to another person."

Appellant's contention that the court improperly relied on the preliminary hearing transcript is also unavailing.  His due process and inadmissible hearsay claims were not raised below and are thus forfeited.  (*Brimmer, supra*, 230 Cal.App.4th at p. 800.)  In any event, the transcript was properly considered as part of the record of

appellant's prior conviction.  (*People v. Reed* (1996) 13 Cal.4th 217, 231; *People v. Crockett* (2015) 234 Cal.App.4th 642, 653 (*Crockett*).)[4]

The order denying the petition for resentencing under the Act is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

---

[4] At oral argument, we granted appellant's request to defer submission of the matter to allow the parties to file letter briefs addressing *Crockett,* which was issued after the briefs were filed.  Appellant offers *Crockett* as support for his assertion that the court in this case had to find he intended to cause great bodily injury, and not merely the act resulting in such injury, in order to deem him ineligible for resentencing under the Act. (234 Cal.App.4th at p. 655.)  We do not disagree with this assertion, yet conclude that the court made such a finding here.

For the first time in his letter brief, appellant also contends it was improper for the court to base its finding on "excerpts from the preliminary examination, not the entire record of that proceeding."  This claim is forfeited because it was not raised either below or in the opening brief.  In any event, the fact that the court referred to excerpts from the preliminary hearing transcript does not support a conclusion that it failed to consider the entire transcript.

Bruce A. Young, Judge

Superior Court County of Ventura

_____


Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy, William M. Quest, Senior Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill, Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.